**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5072**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KHALIEK FLIPPEN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-04-492)

———————

Submitted:  February 23, 2006          Decided:  March 1, 2006

———————

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Angela
Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Khaliek Flippen appeals from the district court's order revoking his supervised release and sentencing him to eight months' imprisonment after he admitted to violations of his supervised release. Flippen's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal, but raising the issue of whether the district court erred in imposing Flippen's sentence. Although he was advised of his right to file a pro se supplemental brief, Flippen has not filed a brief. Finding no meritorious issues and no error by the district court, we affirm the revocation order and the sentence imposed.

In light of Flippen's admission that he violated the terms of his supervision, we find no error by the district court in revoking his supervised release. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2005); United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). Flippen challenges the length of the sentence and supervised release term. The eight-month term of incarceration imposed by the district court was within the five-to-eleven-month advisory guideline range and was reasonable. See United States v. Green, __ F.3d __, __, 2006 WL 267217, at *5 (4th Cir. Jan. 6, 2006) (No. 05-4270); 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2005); U.S. Sentencing Guidelines Manual § 7B1.4(a). The forty-two month term of supervised release imposed following

the eight-month revocation sentence was within the statutory maximum and was not "plainly unreasonable." 18 U.S.C. §§ 3583(b), (h); 3742(a)(4) (2000).

In accordance with <u>Anders</u>, we have independently reviewed the entire record and find no meritorious issues for appeal. Accordingly, we affirm the district court's order revoking Flippen's supervised release and imposing an eight-month sentence and a forty-two-month supervised release term. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>